UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO FIGUEROA-NEGRON,

    Petitioner,

-vs-                                                Case No. 8:15-cv-908-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal, without prejudice.

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Figueroa-Negron v. Secretary, Department of Corrections*, Case No. 8:10-cv-2722-T-30TGW (M.D.Fla.) (petition denied January 30, 2012). Therefore, the instant petition is a second or successive petition. Petitioner, however, has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his petition. Consequently, this court lacks jurisdiction to grant Petitioner the requested relief. *See Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

Therefore, pursuant to 28 U.S.C. 2244(b)(3), this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus petition in this Court.

ACCORDINGLY, it is **ORDERED** that:

1. Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate all pending motions, and close this case.

4. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on May 18, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy furnished to:

*Pro se* Petitioner

3